UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FABIO GUIDETTI and VICTORIA GRANTHAM,

                         Plaintiffs,

-against-

AMERICAN BANKERS INSURANCE COMPANY
OF FLORIDA,

                         Defendant.
-------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

Plaintiffs **FABIO GUIDETTI** and **VICTORIA GRANTHAM**, by their attorneys, **GREENBLATT AGULNICK KREMIN, P.C.**, for their Complaint against the Defendant AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, allege as follows:

## THE PARTIES

1. Plaintiffs FABIO GUIDETTI and VICTORIA GRANTHAM (hereinafter collectively "Plaintiffs") are individuals whom own a residence at 1 Brookside Place, Larchmont, New York, 10538 in the County of Westchester, State of New York.

2. Defendant AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA (hereinafter referred to as "Insurance Company") is a corporation duly organized and existing under the laws of the State of Florida, with principal offices for the conduct of business located at 11222 Quail Roost Dr, Miami 33157, and with offices for the transaction of business located in the State of Florida.

## JURISDICTION AND VENUE

3. Defendant Insurance Company, its subsidiary, and/or agent is an insurance company licensed, admitted, engaging in, and authorized to engage in the business of liability and casualty insurance, including a National Flood Insurance Program under The Federal Emergency

Management Agency, in the State of Florida, with offices for the transaction of business located within the State of Florida.

4. Plaintiffs bring this action against Defendant Insurance Company with regard to the Defendant Insurance Company's failure to indemnify Plaintiffs for their building and/or contents insurance claim following a flood water damage loss at 1 Brookside Place, Larchmont, New York, 10538, which occurred suddenly and accidentally on or about September 1, 2021, the facts and circumstances being more fully set forth below.

5. The transaction of events and the real property/personal property that is the subject of this lawsuit was located within the County of Westchester, State of New York.

6. This Court has jurisdiction over this federal question pursuant to 28 U.S.C. §1331, in that the subject flood policy was issued through and governed by the National Flood Insurance Act of 1968 and the subsequently established National Flood Insurance Program, codified as 42 U.S.C. § 4001, *et. seq.*, and defendant's handling of the claim was authorized through FEMA's creation of the "Write-Your-Own" program which authorized defendant to write flood insurance policies under its own name.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## REVEVANT FACTS

8. At all times hereinafter alleged, Plaintiffs own and have an insurable interest in the real property located at 1 Brookside Place, Larchmont, New York, 10538, in the County of Westchester, State of New York (hereinafter the "Property").

9. That Defendant Insurance Company, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued to Plaintiffs a Flood Insurance Policy bearing the policy number 7405873141 (hereinafter referred to as the "Policy"), whereby it insured the

building at the Property against risk of loss to the Property, up to the limits contained therein, from a flood water loss. The Policy was signed by the authorized agents of the Defendant, its subsidiary, and/or agent.

10. Pursuant to the Policy, Defendant Insurance Company, its subsidiary, and/or agent agreed to insure the Plaintiffs for a term of twelve (12) months, in full force and effect on August 31, 2021 to August 31, 2022, against loss of property caused by flood and/or water damage. Defendant Insurance Company, its subsidiary, and/or agent, during the policy term, agreed to indemnify Plaintiffs against loss or damage sustained to the Property, up to the limits of the Policy.

11. On or about September 1, 2021 during the storm known as Hurricane Ida, and while the insurance policy was in full force and effect, a flood occurred at the Property, which resulted in water/flood damage to the Property.

12. By reason of the above-mentioned occurrence, Plaintiffs have sustained a direct loss to the Property by flood.

13. Plaintiffs discovered the loss and Defendant Insurance Company, its subsidiary, and/or agent, was notified of the subject loss as soon thereafter as was practical.

14. Plaintiffs submitted to Defendant Insurance Company's request for a complete investigation of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant and submitted a timely Proof of Loss.

15. That Insurance Company and/or its agents inspected the damage claimed by the Plaintiffs and failed to sufficiently adjust and make payment of the claim based upon the actual covered loss sustained.

16. Plaintiffs have satisfied all conditions precedent to the instant suit and this suit is timely.

17. That despite the foregoing, Defendant has failed to fully indemnify Plaintiffs for their covered loss for the building loss and an actual dispute and a *bona fide* justiciable controversy exists as to the amounts due to Plaintiffs under the Policy.

18. That Defendant has denied substantive portions of Plaintiffs' claim for which they are entitled to coverage under the Policy and/or failed to make payment as required.

19. At all times mentioned, Plaintiffs have not obtained any other flood insurance upon the described property.

20. The Defendant Insurance Company has failed to and/or refused to indemnify the Plaintiffs for their total loss in an amount to be determined at the time of trial but believed to be in excess of two hundred fifty thousand dollars ($250,000.00), although a demand has been made.

## AND AS FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

21. Plaintiffs repeat and re-allege all allegations in the instant Complaint as if more completely and fully set forth herein.

22. By failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' covered loss up to the limits of the Policy as set forth above, Insurance Company breached its obligation under the Policy to properly adjust, settle, and pay the claim with regard to the loss at the Property.

23. As a result of Insurance Company's breach, Plaintiffs have been damaged in an amount to be determined at the time of trial but believed to be in excess of two hundred fifty thousand dollars ($250,000.00), less prior payments, plus appropriate statutory interest.

## AND AS FOR A SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT

24. Plaintiffs repeat and re-allege all allegations in the instant Complaint as if more completely and fully set forth herein.

25. Plaintiffs have submitted a Proof of Loss as required.

26. Plaintiffs seek and are entitled to a declaratory judgment setting forth that Defendant is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced Policy as it/they pertains to the subject loss(es), including, but not limited to indemnifying Plaintiffs to the full extent of their covered Loss, up to the policy limits.

**WHEREFORE**, Plaintiffs FABIO GUIDETTI and VICTORIA GRANTHAM demand judgment against Defendant AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, as follows:

A. Under the FIRST Cause of Action, damages in an amount to be determined at trial but believed to be in excess of two hundred fifty thousand dollars ($250,000.00), less prior payments, plus appropriate statutory interest;

B. Under the SECOND Cause of Action, a declaratory judgment setting forth that Defendant Insurance Company is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced policy as it/they pertains to the subject loss(es), including, but not limited to indemnifying Plaintiffs to the full extent of their covered Loss, up to the policy limits; and

C. Appropriate interest, the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: Great Neck, New York
August 25, 2022

Yours, etc.,

**GREENBLATT AGULNICK KREMIN, P.C.**

By: _____

Scott E. Agulnick, Esq.
Attorney for Plaintiffs
**FABIO GUIDETTI and**
**VICTORIA GRANTHAM**
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
Tel.: (718) 352- 4800
Fax: (718) 732- 2110

Defendant's Address:

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA
11222 Quail Roost Drive
Miami, FL 33157

Civil Case No:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FABIO GUIDETTI and VICTORIA GRANTHAM,

Plaintiffs,

-against-

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,

Defendant.

## COMPLAINT

**GREENBLATT AGULNICK KREMIN, P.C.**
*Attorneys for PLAINTIFF(s)*
*Office and Post Office Address, Telephone*
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
Tel:     (718) 352- 4800
Fax:    (718) 732- 2110

**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

To:
Attorney(s) for DEFENDANT(S)

**Certification pursuant to FRCP 11**
It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in FRCP 11.

_08/25/2022_
Dated

SCOTT E. AGULNICK, ESQ. (SA1880)

Service of a copy of the within                                    is hereby **admitted**

……………………………………………………………………………
Attorney(s) for